Mr. Teeter. Good morning, Your Honors, and thank you, Derek Teeter, for Appellant William Jewell College. The District Court abused its discretion in reducing a presumptively valid fee award of approximately $32,000 to a mere $5,000 based on its finding that requiring the plaintiff to pay more would constitute an undue economic burden. This Court's precedence and the clear majority rule from other circuits hold that in order to reduce a cost award based on a losing party's finances, that party must demonstrate indigency, that is, an inability to pay, now or in the future. A.P. does not claim to be indigent. She submitted an affidavit demonstrating she's gainfully employed in a managerial position with approximately $1,700 per month in excess income. It was an abuse of discretion for the District Court to reduce the cost award based on these circumstances. Counsel, you said that under our case law, you have to show indigency and an inability to pay. I can't remember exactly what your words were at all. Are you saying our case law or other circuits' case law? Because if the District Court made an error of law, then that's different than an abuse of discretion in assessing what dollar amount to ultimately impose. Yes, Your Honor. I think we would say there was an abuse of discretion both because there was an error of law as well as because there was a clearly erroneous factual finding. The verbiage I used, indigency and an inability to pay, is most directly stated in this Court's decision in Wright, which is at 100 F. 3rd 960, where this Court cited favorably the Seventh Circuit's decision in McGill, which articulates this majority rule that there's a distinction between limited financial means and indigency. I would also... Counsel, was the Wright case in your brief? It's cited in our reply brief. Oh, okay. That's why I missed it. Go ahead. Proceed. Yes, Your Honor. I would also point the Court to Lampkins, where you had a party who has assessed costs appealing that award and using the very same verbiage, this will create an undue burden for me. It will be difficult for me to pay it. And this Court affirmed the award of costs despite that. I think the best case that the plaintiff has in support of her argument is the 40-year-old decision in Cross, where this Court rejected... Of course, Counsel, I think there was a reduction in that case, though, wasn't there? In Cross, Your Honor? Lampkins. There was a reduction. We don't know entirely why. This Court simply said the District Court considered your argument about limited financial resources, and so we're not going to reverse it. So we're dealing with a reduction case here, aren't we? This Court didn't just disallow your cost. The Court reduced the cost to an amount it considered commensurate with the other party's means. Your Honor, the Court reduced the presumptively valid cost judgment by about 85 percent, from $32,000 down to $5,000. And we believe that was an abuse of discretion because the plaintiff didn't demonstrate indigency and an inability to pay. But even if we're wrong on that, and this Court believes limited financial resources... Does it have to do both? You can have a person not be established to be indigent, but their inability to pay still be a factor. Can't that be how a court operates? Judge Smith, the cases that apply this concept in the context of bills of costs assess inability to pay both in the present and over time. And our primary argument is, given that the plaintiff has excess monthly income of $1,700, she clearly is able to pay the cost of war over time. And respectfully, Your Honor, if ability to pay is assessed solely based on a snapshot at a point in time, there's a whole class of litigants who earn a lot of income whose balance sheet would be in the red because they have mortgages and other debts, and yet they would be able to sustain those debt payments together with a cost award. We think that this Court's presumption, which this Court has said is a strong presumption in favor of an award in full, has to mean something. And if the rule allows the district court to simply gradate the award of costs based on its subjective assessment of limited financial means, that presumption effectively goes away, and we end up with an application of Rule 54 that results in wealthy and corporate defendants always having to pay the full amount of costs and everyone else having to pay something less. And I think the Seventh Circuit's decisions in particular and the Tenth Circuit's decision in Rodriguez explain why this is problematic, because it equates a person's financial status with inequity, as opposed to looking at the fact that a reduction in a cost award is actually a penalty to the prevailing party. And in this case, the district court did not find any inequity on the part of the College, and it in fact rejected every other argument the plaintiff made for reducing the cost award. Did the Court take into account, I don't recall from my reading, the degree of success obtained by the prevailing party in terms of the number of claims and and the claims over which there was success? The Court concluded the College prevailed on every claim, and it did so by applying this Court's very clear precedent in Thompson's v. Canabec Company. So the Court found William Jewell College was entirely successful, that all $32,000 were reasonably incurred, and the factual record also demonstrated that the bulk of those costs were the product of the plaintiff's own litigation decisions, not those of the College. Well, counsel, I know you have an answer in your reply brief. I don't think it was very good, because you went to out-of-circuit cases immediately. But we have cases that say the Court only needs to provide, quote, a rationale, unquote. Now, what do you do with a case like that that says, a rationale? Don't go to out-of-circuit cases. Help me with an in-circuit case that contradicts our line of cases and say, quote, a rationale, unquote. The best circuit case is Concord Boat, Your Honor. In that case, this Court reversed a district court's refusal to impose a $900-and-some-odd-thousand-dollar cost award against all the losing parties jointly and severally. The district court thought it would be unfair to make each of the losing parties pay the full amount of that award, and it could actually result in some going into insolvency. This Court reversed and in doing so commented that essentially it wasn't the prevailing party's fault, and the risk of that outcome should be borne by the losing parties, not the prevailing party. And that's actually the only case, I believe, that was postured where the prevailing party appealed and challenged a reduction in the fee award. Cross was a case where it was the losing party who sought to overturn the fee award who appealed, and this Court summarily rejected that argument. So we actually don't think it's that informative, and would also suggest Cherry and Rivera from the Fourth and Seventh Circuit are also cases where the prevailing party appealed the reduction. And in both those cases, the courts of appeals are reversed and remanded with instructions to award more. Unless there's any questions, I'll reserve the balance of my time. Thank you, Mr. Teeter. Thank you. Mr. Atkins, or Aikens, excuse me. You're muted, Mr. Aikens. Thank you, and apologies. My name is Bradley Aikens, and I represent Plaintiff Appley AP in this matter. This is an appeal regarding the District Court's discretion to reduce taxable costs. We request the Court affirm the District Court's cost order for two reasons. First, the District Court applied the correct legal standard in determining that a party's limited financial resources are a proper basis upon which costs may be reduced. And second, the District Court acted within its substantial discretion in applying this standard and reducing the claim cost to avoid an undue economic hardship on plaintiffs. There's no dispute— This particular plaintiff did have, at least based on the finances, a significant amount of month left over. I'm sorry, every month left over after paying all her bills and her expenses. Isn't that right? She was absolutely employed, Your Honor. She was earning money. She had significant debts, two debts exceeding her monthly earnings, one of which in the amount of $32,000 to attend. No, no, and I understand that she had significant debts. I understand, but was it undisputed that she did have a significant amount of money each month left over after paying off the amount she owed monthly on those debts and her living expenses? I believe there was a degree of money left over after her necessities, yes, Your Honor. $1,700 per month? Was that what the record shows? Sorry, that is what opposing counsel has cited. I have not run the math. The issue is, at the time the affidavit was submitted, Your Honor, she had approximately $250 in cash. She has no savings. She owns no real assets. She owned a car. But you're not disputing that $1,700 in the record? I'm not disputing the math that was documented, Your Honor. Yes, that is correct. Should that be a factor that we're taking into consideration? I mean, putting aside kind of bright line rules about indigency or being able to pay now or in the future, if someone has discretionary income every month and it's undisputed, is that a factor that the District Court should take into consideration? I think it was a factor that the District Court did take into consideration, Your Honor. The District Court, the case law on this speaks to a reduction to overcome the presumption that opposing counsel referenced. To overcome the presumption of award of cost, the party must present evidence that the award is inequitable under the circumstances. The inequities of a potential award are what reign over considerations in getting to the award. Here, Plaintiff did produce an affidavit. She did provide substantial documentation supporting the information contained within that evidence, and that was all reviewed by the District Court. The District Court looked at her ability to obtain, did her ability to make any payment now. He considered her ability to make payment in the future. He referenced her relatively young age and indicated that it could be such that she could make some payment over time. However, he viewed the inequities as stated by this circuit that should be considered in determining an award of cost. He viewed those inequities required a reduction, as Your Honorable Smith said, a reduction, not a denial of the cost. This is a reduction case. Well, it's a huge reduction, you know, an eight to one reduction, right, or some such ratio. In excess of 80 percent, yes, Your Honor. Yeah, yeah, okay. Now, does the term undue economic hardship, those three words, appear in any of our cases as the standard? Not to my knowledge, Your Honor. The phraseology comes from a combination of the Cross case, in which it's clearly indicated that the court can consider a party's limited financial resources. And it's also, in this case, was not cited in the Poe v. John Deere. It's an Eighth Circuit case, citation of 695 F. Second, 1103. The Eighth Circuit clearly explained that in non-prevailing parties, financial circumstances are relevant to deductible determination of taxable costs. In this court, it stated, it is, of course, within the court's discretion to deny costs because a plaintiff is That's about like Lampkin's, right? Well, Lampkin's doesn't use, William Jewell College is, I believe, asserting the argument that before equity, based on an individual's personal circumstances, personal financial circumstances, can come into play, a threshold finding must be made that that person is, quote unquote, in dire financial circumstances. Well, that's that's the law in other circuits, counsel. Now, we've never used that term either, have we, in the Eighth Circuit, dire financial circumstances? No, Your Honor, you have not. And the circuit cases within the Eighth Circuit, pardon me, the district court cases within the Eighth Circuit that have used that phraseology have done so with respect to a request to excuse or deny in total the request. Don't go to the district courts. I have enough of our own cases. So you're arguing for undue economic hardship, not in our cases, and the other side's arguing for dire financial circumstances from some other circuits, right? Well, my argument is that her Wait, wait, wait. Now, because your time's short, my point is, what do you think our standard is in a similar sort of label, phrase, doctrinal phrase, whatever you want to call it? Short little phrase. What do you think it is? I think the standard is that equities must be considered in awarding costs. And within those equities is the consideration of the non-equity. Is equities in any of our case the way you're using it? It is, Your Honor. In Concord Boat, to overcome the presumption in favor of awarding costs, the non-prevailing party bears the burden of making the showing that an award is inequitable under the circumstances. The equity, as I see it, reigns over the consideration. The issue of costs is one discretion and equity. There are a number of factors that have been discussed in the various cases that a court can use in rendering an opinion with an overriding, with equity and discretion overriding those considerations. Well, counsel, there's got to be some case that's just crazy. You know, you can't have a previous case. We can't have Amazon in here and say, oh, no costs against Amazon, right? That's crazy. Well, I think if you're asking, you know, what is an abusive discretion? I mean, this isn't a scenario. It's not a situation in my view that enables itself for a bright line rule. It's so fact intensive. And so I don't think it's easy to sit here and say this would clearly not be. However, I think that the discussion starts with somebody that can pull out their checkbook, write a check and not see an impact on their necessities of their life. And moving in degree beyond that point, I think is a factual analysis that the courts in their great discretion consider all of the circumstances. So as I was stating, the situation that this circuit has not used the dire financial standard. I don't believe that standard exists in this circuit. The equities are to be considered. And however, even if it were, even if it were, the district court, while not using that standard, did make a determination. The plaintiff did not sufficiently demonstrate that her financial situation warrants the denial of William Jules proposed bill of cost in its entirety. So even if that were, as other courts have pointed out, the dire financial circumstances are a consideration in denying or completely reduce eliminating costs. The court ruled that that's not appropriate, appropriate here, which was initially asked for by, by my client. So even if that were the standard, the court adhered to that standard and issuing its cost order. Secondly, as I stated, the Concord boat case council, what, what factor it seems in one of the considerations the court would take into account and the use of its discretion would be not only the current financial condition, but the future ability of the party to be able to pay. Was there any, anything written or stated indicating a consideration of the parties, your clients ability to what their future financial condition might be that would make a denial of, of more of the costs inequitable. The district court did comment on her employment, the fact that she was employed on her age and that the possibility that she could continue to earn exist. And I think that was in looking at his order. I think that was considered one of the considerations is the considerations that the district court had in refusing to deny the costs outright. But he considered her limited financial circumstances, the great degree of debts, the situation that she found herself in and, and ruled in his discretion that an award of the cost as requested would be an undue burden. And, and the amount ordered would be, would not be an undue burden. I see my time has expired. If I may, I'd like to quickly close and then I can go. Thank you, your honors. I appreciate your time and consideration. Thank you, Mr. Akins, Mr. Teeter, your rebuttal. Yes, your honor. I want to go first to judge Benton's question and then to one from judge Kelly, judge Benton. I think that the best articulation this court has given thus far is in Concord boat, where this court said there is a strong presumption in favor of the prevailing party recovering its costs. And in the absence of strong opposing considerations, it would be inequitable to place the risk of non-collection on the prevailing party. So applying that standard, I would say the district court has abused its discretion. It failed to acknowledge that this plaintiff had surplus monthly income of $1,700 that was available to pay this cost judgment. And in Cherry from the fourth circuit, the court actually explained why it's unfair and inequitable to allow a non-prevailing party to shield surplus funds from paying a judgment that they would otherwise be legally obligated to pay. And then to judge Kelly's point, I think even if this court sort of conceptualized this as a question of whether there's an undue economic burden, even if you go down that route, it can't be undue to require a losing party to use excess funds to pay a judgment. As I think Mr. Aiken said, look at the question of whether requiring the plaintiff to pay will affect her lifestyle. It will not on this record because accounting for every single expense she put in the record, she has $1,700 of excess income every month available to pay this judgment. And if she would devote that money to paying this judgment, it would be paid off in less than two years. If the court has no further questions, I see my time is up. Thank you, Mr. Teeter. Thank you also, Mr. Aikens. Thank you for the argument you provided to the court this morning and the briefing that's been submitted in the case and we'll take it under advisement.